IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EASTHER MCNEIL | ) | CASE NO. 1:10CV2338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MEDCENTRAL HEALTH SYSTEM, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Easther McNeil filed this action under the Americans with Disabilities Act, ("ADA") 42 U.S.C.12131 *et seq*, against Medcentral Health System, James J. Myer, President, Beth Hildreth, Director of Human Resources, Paul Johnson, Director of Security and Bruce Engle (position unknown). He alleges that he was suffering from narcolepsy while he was employed at Medcentral Health System from 1980 until 2002. In 2003, he was awarded unemployment benefits by the Ohio State Unemployment Office ruling that his discharge was unjust, and he received disability benefits from the Social Security Administration because of narcolepsy. Plaintiff requests back pay, fringe benefits and damages in the amount of $900,000.00.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reason stated below, this action is dismissed.

The ADA does not contain a statute of limitations. When a federal statute does not provide a limitations period, the courts borrow the state's analogous statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."). *Id.* at 267. Most federal courts use the state statute of limitations for personal injury. *Frank v. University of Toledo*, 621 F.Supp.2d 475, 482 (N.D.Ohio, 2007). Ohio's personal injury statute, R.C. 2305.07, requires such actions be filed within two years of accrual. Plaintiff's cause of action accrued in 2003 when he was discharged from employment. This action was filed October 13, 2010, well over the two year limitations period.

Even if Plaintiff may have a cause of action under the ADA, it is apparent on the face of the Complaint that the statute of limitations for bringing such claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua*

*sponte* dismissal of the complaint was appropriate."); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*); *Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

Date: November 23, 2010

/s/ Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE